George H. Becker's Estate.    Appeal of Otto G. Kuehne,
Administrator.

*Contract—Set-off—Due bill.*

An agreement to deliver a certain number of shares of stock of a railroad company on completion of the subscriptions to the securities of the
company, cannot be set off against a due bill, where it appears that the
subscriptions have not been completed, and the value of the stock is not
shown.

Argued Jan. 25, 1895.    Appeal, No. 214, Jan. T., 1894, by
the Administrator, from decree of O. C. Phila. Co., April T.,
1893, No. 610, dismissing exceptions to adjudication.    Before
STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.    Affirmed.

Exceptions to adjudication.

The following adjudication was filed by PENROSE, J.:

" Claims were presented and duly proved or admitted to be
correct, as follows :

By Daniel Hengen for moneys loaned June 7, 1890,      $2,000
    Int. from June 7, 1890.

By Louis Blank for moneys loaned Aug. 15, 1890,         3,000
    Int. from Aug. 15, 1890.

By Edward R. Wood on due bill of decedent of Aug. 8,
    1890, for                                             450
    Int. from Sept. 10, 1890.

" The collaterals held by Mr. Hengen and Mr. Blank (bonds
of the Philadelphia and Sea Shore Railroad Company, $2,000
by the former and $3,000 by the latter), will be surrendered to
the administrator de bonis non upon payment of the amounts
to be awarded as above.

" The due bill held by Mr. Wood was admitted to have been
given by the decedent, but in defence there was offered, on the
part of the estate, a paper, of which the following is a copy :

" PHILADELPHIA, Aug. 8, 1890.

" Due George H. Becker fifty shares capital stock of Phila.
& Sea Shore Railway Co., on completion of the subscription to
securities of the Co., now being paid by syndicate Nos. 3 & 4.
(Signed)                                          E. R. WOOD."

"This instrument was given to the decedent in consideration of his services in procuring the subscriptions referred to. The par value of the stock was $50 per share, and it was contended by Mr. Gorman that there was thus created a liability on the part of Mr. Wood to the decedent for $2,500, which was available as a set-off against a claim upon the due bill for $450. There were several objections to this, however; first, it appeared that the subscriptions, by the syndicates mentioned, or by one of them at least, had not been completed, and the stock, therefore, had not yet become demandable; second, the obligation is to deliver certain shares of stock, the value of which was not shown, and there is nothing, therefore, by which to measure the damages even had performance by the decedent been fully established. It is true that it was alleged by Mr. Gorman that the subscription was not completed because Mr. Wood, having a contract with the railway company to complete the road by a certain time, failed so to complete it, and, as a result, the company became unable to meet its obligations and thus passed into the hands of a receiver; but there was no proof of these assertions, the contract was not produced, and there was no evidence that, as between the company and himself, Mr. Wood was in any default. But if this had been shown it would by no means follow that the syndicates referred to in the paper of August 8, 1890, were relieved of the obligation to complete their subscriptions; on the contrary, it may well be that the inability to finish the road was occasioned by the fact that the subscriptions were not paid. Moreover, the contract of Mr. Wood with the decedent called for the delivery of fifty shares of the stock to the decedent when the subscriptions of the syndicates were completed, and certainly the whole number of shares could not be demanded if the subscriptions were not completed, whether the course of the syndicates was or was not justifiable in stopping when they did.

"It is ordered and adjudged that the account, corrected as hereinbefore set forth, be confirmed nisi on payment of clerk's fees, and that the balance, with all the securities coming into the hands of the said administratrix, be paid and transferred to the said administrator de bonis non of the decedent, leave being given to make all necessary transfers."

The following exception among others was filed to the adjudication: .

" 1. The learned auditing judge erred in awarding to Edward R. Wood the sum of $450.00, with interest on due bill of Aug. 8, 1890."

The court dismissed the exceptions.

*Errors assigned* were in dismissing exceptions, quoting them.

*William Gorman*, for appellant, cited: Chambers v. Jaynes, 4 Pa. 39; Halsey v. Grant, 13 Ves. 77; Green v. Lou, 22 Beav. 625; Hargrave v. Conroy, 19 N. J. Eq. 281; Lake on Contracts, 666; Allen v. Robinson, 2 Barb. 341; Fallon v. Lawler, 102 N. Y. 228.

*Wm. W. Wiltbank*, *Theodore A. Tack* with him, for appellee.

PER CURIAM, Feb. 4, 1895:

All the questions presented by this record were fully considered and correctly disposed of in the court below, first by the learned auditing judge and afterwards by the court in banc. Nothing can be profitably added to what has been said by the former in the clear and concise opinion that has been sent up with the record. The decree is therefore affirmed on his opinion, and the appeal is dismissed with costs to be paid by appellant.